IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                                          Case No.: 16-2272-JCO
Charles K. Breland, Jr.,                                              Chapter 11
  *Debtor*.


  A.  Richard Maples,                                        Adv. Proc. No.: 18-29-JCO
  *Plaintiff*
v.

Levada EF Five, LLC
  *Defendant.*

MEMORANDUM OPINION
AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Levada EF

Five, LLC (hereinafter, "Levada"), (Doc. 5), to which the Plaintiff, A. Richard Maples as

Chapter 11 Trustee in the matter of *In re Charles K. Breland, Jr.,* 16-2272-JCO, filed his

Responses in Opposition thereto (Doc. 23, 28), and Levada's Supplemental Brief in support of

its Motion to Dismiss.  (Doc. 29).  The Motion to Dismiss has been fully briefed and this matter

is ripe for determination.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and

the order of reference of the District Court dated August 25, 2015.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and the Court has authority to enter a final order.

Based on the following, this Court finds that Levada's Motion is due to be and hereby is

DENIED.


FACTS AND PROCEEDINGS

On April 3, 2014, the Debtor in the main case underlying this adversary proceeding,

Charles K. Breland, Jr. (hereinafter "the Debtor" or "Breland") filed *Charles K. Breland, Jr.,*

*et al. vs. Levada EF Five, LLC,* Case No. 1:14-cv-00158-CG-C in the U.S. District Court for

the Southern District of Alabama (the "Levada Lawsuit"), claiming that Levada breached a

contract entitled the "Amended and Restated Agreement." Levada filed a counterclaim.

During the last six months of 2015, Breland formed a number of limited liability

companies (the "New Entities"). Breland was the sole member of the New Entities, but

effective January 1, 2016; he transferred his ownership of the New Entities to Osprey

Holdings, LLC. Breland is the sole member of Osprey Holdings, LLC. (Doc. 5 at 2).

From February 1-4, 2016, Breland executed the following deeds from him,

individually, as grantor, to the New Entities and to his wife (collectively "the Deeds").

a. On February 1, 2016, Breland executed a deed transferring an income producing commercial property described as Lot 1, Westbrook Commercial Park, Daphne, Alabama, to Osprey Kommerzielle, LLC. That deed was recorded on February 3, 2016.

b. On February 1, 2016, Breland executed a deed transferring a commercial building described as Lot 3, Westbrook Commercial Park, Daphne, Alabama, to Osprey Hund Esser Haus. That deed was recorded on February 3, 2016.

c. On February 4, 2016, Breland recorded a deed from himself to his wife, Yvonne Breland, transferring his one-half interest in a house and property at Lakewood Club Estates, Point Clear, Alabama in which he and his wife live. Breland executed this deed on February 1, 2016.

d. On February 4, 2016, Breland executed and recorded a deed from himself to Osprey Kommerzielle transferring commercial property described as Lot 2, Jubilee Mall Subdivision, Daphne, Alabama.

e. On February 4, 2016, Breland executed and recorded a deed from himself to Osprey Kommerzielle transferring residential property described as Lot 1, William O'Neal Addition to Daphne, Alabama.

f. On February 4, 2016, Breland executed and recorded a deed from himself to Osprey Kommerzielle transferring commercial property described as Lot 5, Southside Business Park, Fairhope, Alabama.

g. On February 5, 2016, Breland recorded a deed from himself to Osprey Punkt Loschen, LLC transferring the Battles Wharf Property. This deed was executed by Breland on February 1, 2016. On August 8, 2016, Breland and Osprey Punkt Loschen executed a correction deed to limit the property

conveyed to Osprey Punkt Loschen to approximately 10 acres.
(*Id.*).

When Breland executed the Deeds in early February of 2016, a jury trial in the Levada

Lawsuit was commencing on February 1, 2016 (the day Breland began executing the Deeds).

(*Id.*).

On February 3, 2016, the jury in the Levada Lawsuit rendered a verdict in favor of

Levada against Breland in the amount of $1,420,671.02. (*Id.*). Within hours of the rendition

of the jury verdict, Breland began recording the Deeds. (*Id.* at 3).

On the day of the jury verdict, U.S. District Judge Granade entered an order stating that

"[a] judgment will be entered separately in accordance with the verdict of the jury after the

court determines the issue regarding attorneys' fees." (*Id.*). On April 28, 2016, the District

Court entered a final judgment in the amount of $2,397,695.94 in favor of Levada against

Breland. (*Id.*).

On May 3, 2016, Levada recorded its judgment in the records of the Judge of Probate

of Mobile County, Alabama. (*Id.*). On May 4, 2016, Levada recorded its judgment in the

records of the Judge of Probate of Baldwin County, Alabama. (*Id.*).

On July 8, 2016, the Debtor filed his Chapter 11 petition for relief. (*In re Charles K.

Breland, Jr.,* 16-2272-JCO, Doc. 1) (hereinafter referred to as "Main Case"). On May 3, 2017,

A. Richard Maples was appointed as Chapter 11 Trustee (hereinafter "Maples" or "the

Trustee"). (Main Case, Doc. 391). On June 14, 2018, the Trustee filed the instant adversary

proceeding to set aside Levada's prepetition transfers in Mobile and Baldwin counties as a

preference pursuant to 11 U.S.C. § 547. (Doc. 1). The Trustee alleges that Levada's

judgement was recorded within the ninety day preference period and should be set aside to

prevent Levada from receiving more than it would if this case were a chapter 7 case. (*Id.*).

Levada contends that the adversary proceeding should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim upon which relief can be granted because the Trustee failed to identify the real properties to which the transfer applies, and because the recording of its judgment is not a preference under § 547. (Doc. 5 at 4). Specifically, Levada contends that the case, *In re Speir,* 190 B.R. 657, 663 (Bankr. N.D. Ala. 1995), stands for the proposition that because Breland's execution of the said deeds constitute a fraudulent transfer, that Levada's judgment lien attaches to the properties as of the transfer dates (the date of the wrong). (*Id.).* Levada contends that even though Levada's certificate of judgment was recorded after the fraudulent transfers occurred, the *Spier* holding means that Levada's lien attached as of the date of the wrong and therefore falls outside the 90-day preference period. In the alternative, Levada contends that if the transfers of the deeds were not fraudulent, its lien did not attach to property of the estate upon which a preference would apply since the properties would have been owned by the New Entities and Breland's wife, not the Debtor.

The Trustee's response to the Motion argues that under Alabama law, a judgment lien does not relate back to the wrong committed, but rather, a judgment only becomes a lien after the proper recording of a certificate of judgment. (Doc. 23 at 2). The Trustee further asserts that under § 551, any transfer avoided under §§ 544 or 547 is preserved for the benefit of the estate if the property transferred was property of the estate. (Doc. 23). In support of his § 551 argument, the Trustee highlights that at least some of the properties[2] to which Levada's lien

---

[1] As made applicable to bankruptcy cases by Fed. R. Bankr. P. 7012.

[2] The adversary proceeding, *Maples v. Yvonne Breland,* 18-4 was resolved with a consent order (Doc. 18) setting aside the transfer of Debtor's one half interest in his residence and adjoining lot in the Lakewood Subdivision. The adversary proceeding styled *Maples v. Eigenkapital Karl, LLC,* 18-19 was resolved by a compromise wherein the properties affected were avoided and

could attach and which were allegedly fraudulently transferred, have been avoided already, and are thus preserved for the benefit of the estate. (Doc. 23 at 4).

Based on the following analysis, this Court finds that Levada's Motion to Dismiss is due to be and hereby is DENIED.

## CONCLUSIONS OF LAW

Rule 12(b)(6) provides an early defense to a complaint where the moving party asserts the complaint fails to state a claim upon which relief can be granted. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal citations omitted). "[T]he relevant question for purposes of a motion to dismiss under Rule 12(b)(6) is 'whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible.'" *In re Luca*, 422 B.R. 772 (Bankr. M.D. Fla. 2010) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009)). In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "must accept all factual allegations in the

---

returned to the estate. The property affected by this order includes (a) the Lakewood homeplace and adjoining lot; (b) Unit 803 in the Florencia Condominium in Escambia County; (c) the Battles Wharf property; (d) the South Mobile County property owned by Gulf Beach and Grand Oaks; (e) Lot 2 of Jubilee Mall; and (f) the proceeds from the Bay House.

complaint as true." *Welt v. Oracle USA*, 490 B.R. 418, 426 (Bankr. S.D. Fla. 2013) (*quoting*

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

To avoid dismissal, a pleading must satisfy the "plausibility" standard – which is a level

of specificity that clearly exceeds *Conley* but is something less than the "particularity" Rule 9(b)

requires for fraud claims. (In deciding *Twombly*, the Supreme Court specifically disclaimed the

notion that it was adopting any type of "'heightened' pleading standard" or "broaden[ing] the

scope of Federal Rule of Civil Procedure 9." *Twombly*, 550 U.S. at 569 n.14). The Supreme

Court stated that the concern on a motion to dismiss "is not that the allegations in the complaint

were insufficiently 'particularized;' rather, the complaint warranted dismissal because it failed *in*

*toto* to render plaintiffs' entitlement to relief plausible. *Id.* (citation omitted). "A claim is

considered factually plausible when 'the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *In re All*

*Am. Semiconductor, Inc.,* 427 B.R. 559 (Bankr. S.D. Fla. 2010) (*citing Ashcroft,* 129 S. Ct. at

1949). "Failure to state a claim for relief is a purely legal question. The courts have the

authority to 'fully resolve any purely legal question' on a motion to dismiss." *In re All Am.*

*Semiconductor, Inc.,* 427 B.R. at 564 (*citing Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1270

n. 19 (11th Cir. 2009)).

Turning to the relevant bankruptcy law, Section 547 of the Bankruptcy Code sets out the

elements of a preference. In order to be facially plausible under the *Twombly* standard, a

plaintiff must allege in his complaint factual content that allows the court to draw the reasonable

inference that a defendant's conduct satisfies each element of § 547. Section 547 states in

pertinent part:

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547 (West).

Considering the Complaint in unison with *Twombly* and § 547 on preferences, this Court finds that though the Complaint is bare in terms of relevant facts alleged and how each element is met in relation to the facts alleged, it still passes *Twombly* muster and asserts a plausible preference action. Based on this analysis, this Court finds that Levada's Motion to Dismiss is due to be and hereby is DENIED. Determination of the merits of the preference action and whether the creation of Levada's lien satisfies the elements of a preference as to property of the estate is left to be determined either on summary judgment or at trial. To resolve those questions of law at this juncture would result in the Court prematurely ruling on the merits of the Complaint.

The deadline to file any other dispositive motions in this case is August 30, 2019. (Doc. 32). In conjunction with any additional dispositive filings, the parties are ORDERED to confer

regarding any facts which can be stipulated, and file a stipulation to that effect on the record not later than the close of business on August 23, 2019.

<u>CONCLUSION</u>

Having considered the facts as true as they are stated in the Complaint, this Court finds that the Complaint rises to or above the level of plausibility required by *Twombly* and Levada's Motion to Dismiss on those grounds is due to be and hereby is DENIED on that basis.

Dated:  June 7, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE